UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HOB KNOB, LLC,
a Delaware Limited Liability
Company

    Plaintiff,

vs.                                                              Case No. _____

ZYNGA, INC.,
a Delaware Corporation

    Defendants.

## COMPLAINT

Plaintiff, Hob Knob, LLC ("Hob Knob") hereby sues Defendant Zynga, Inc. ("Zynga"), and alleges:

### NATURE OF THE ACTION

This is an action for breach of contract, misappropriation of trade secrets and fraudulent inducement arising out of Zynga's inducement into and violation of a Mutual Non-Disclosure Agreement (the "Non-Disclosure Agreement"). Zynga signed the Non-Disclosure Agreement to induce Hob Knob to share its confidential technical information with Zynga, which Hob Knob shared for the limited purpose of allowing Zynga to determine whether it wanted to venture with Hob Knob and/or purchase Hob Knob's technology. After Hob Knob shared its confidential technical information, Zynga told Hob Knob it had decided not to venture with Hob Knob or purchase its technology and misappropriated the confidential technical information and used this information to help create Zynga's new platform "Zynga Direct" for its product and services

Case No.:

based substantially on Hob Knob's technology, concept and functionality, in violation of the Non-Disclosure Agreement and in violation of state and federal law.

## PARTIES, JURISDICTION AND VENUE

1. This is an action for damages in excess of Seventy Five Thousand ($75,000.00) Dollars exclusive of interest, costs and attorneys' fees.

2. Plaintiff, Hob Knob, is a Limited Liability Company existing under the laws of the State of Delaware, having a principal place of business at 700 Grayhawk Ave, Plantation, Florida 33324.

3. Hob Knob's managing member is Gary Elzweig, who is a citizen of Florida, other member include but are not limited to Jason M. Black, a citizen of North Carolina, and Melissa Sabarese, a citizen of Florida.

4. Defendant, Zynga, Inc., is a Delaware Corporation with a principal place of business at 444 De Haro St., Suite 132 San Francisco, California, which conducts and engages in business throughout Florida, including providing and selling its gaming services to users located in Florida.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district. Alternatively, venue is proper in this district pursuant to 28 U.S.C. § 1391(c), because Defendant is subject to personal jurisdiction in this district and is a corporation.

## GENERAL ALLEGATIONS

6. Hob Knob, LLC is a South Florida based technology company that specializes in developing local based social networking applications. Hob Knob developed the Hob Knob

Case No.:

application (the "Hob Knob App"), the first application to combine social networking opportunities and gaming on a geo-location platform.

7. The Hob Knob App turns any public Wi-Fi into a Hob Knob social and gaming network by finding old friends and introducing new ones within the same hotspot to chat or game instantly. At any place where crowds gather, the Hob Knob App connects users without requiring them to sign-in or check-in. With the Hob Knob App, smartphones alert their users to the presence of other Hob Knob App users located within the same Wi-Fi hotspot who are ready to chat, share files, or game.

8. Hob Knob developed a unique "wrapper" to suit the needs of social gaming companies looking for a location based twist, encouraging gamers to interact not only within the game, but also in person. Hob Knob App users can not only play a game from their smartphone over Wi-Fi, but they can quickly locate other available gamers and connect with them instantly.

9. Zynga is the world's largest social game developer with more than 232 million monthly active users playing their games, which are available on a number of global platforms including Facebook, MySpace, Yahoo, the iPad, the iPhone and Android devices.

10. During January and February of 2011, Gary H. Elzweig and Jason M. Black, representatives of Hob Knob, met several times in person and by telephone with representatives of Zynga, including Terence Fung and Paul Mohme, to discuss integrating Hob Knob's local based social networking technology with Zynga's social gaming.

11. Hob Knob did not provide detailed technical information to Zynga until Zynga signed a Mutual Non-Disclosure Agreement (the "Non-Disclosure Agreement") on February 7, 2011. The Agreement is attached hereto as Exhibit A.

3

Case No.:

12. After Zynga signed the Non-Disclosure Agreement, Hob Knob provided Zynga with extensive and detailed confidential and proprietary technical information about the Hob Knob application, including its business plan, technical documentation, and user interface details (the "Hob Knob Confidential Information"), all in reliance on Zynga's representation that it would only use the Hob Knob Confidential Information in venturing with Hob Knob and/or assessing whether it would venture with Hob Knob and/or purchase its technology, and its reliance on Zynga's promised intention to abide by the Non-Disclosure Agreement.

13. The Hob Knob Confidential Information contained information that has independent economic value to Hob Knob because it is not generally known to the public, it is not readily ascertainable by proper means by third parties who would obtain economic value from its disclosure or use and Hob Knob has taken measures that are reasonable under the circumstances to maintain the secrecy of this information.

14. The Hob Knob Confidential Information includes trade secrets owned by Hob Knob.

15. Zynga had several telephone calls with the Hob Knob principals about the Hob Knob Confidential Information, also in reliance on Zynga's agreements in the Non-Disclosure Agreement.

16. After receiving the Hob Knob Confidential Information, reviewing it and discussing it with Hob Knob, Zynga told Hob Knob it was no longer interested in the Hob Knob technology.

17. On October 11, 2011, Zynga announced that it was launching a new platform called Zynga Direct, which it describes as "a platform for a direct relationship with consumers

whether on the web, or on mobile, to give you a whole sandbox and create socialness about the games and not just within the games."

18. As of the filing of this complaint, Zynga Direct is not available to the public.

19. Upon information and belief, Zynga Direct, or components of Zynga Direct, is/are identical or materially the same as or based on the Hob Knob Confidential Information.

20. Upon information and belief, Zynga Direct was developed using the Hob Knob Confidential Information, including trade secrets owned by Hob Knob.

21. Upon information and belief, Zynga Direct uses the Hob Knob Confidential Information, including trade secrets owned by Hob Knob.

22. Zynga's use of the Hob Knob Confidential Information violates the Non-Disclosure Agreement.

## COUNT I
### *Breach of Non-Disclosure Agreement*

23. The Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1- 22 and incorporates each herein by reference.

24. Hob Knob performed its contractual duties under the Non-Disclosure Agreement by disclosing the Hob Knob Confidential Information to Zynga.

25. Zynga breached the Non-Disclosure Agreement by using the Hob Knob Confidential Information in the creation of or to create Zynga Direct without Hob Knob's knowledge or consent, in violation of the Non-Disclosure Agreement.

26. As a result of the Zynga's breach of the Non-Disclosure Agreement, Hob Knob has suffered damages.

**WHEREFORE**, Hob Knob seeks damages, including all exceptional or punitive

5

damages, interest, attorney fees, costs, and all other relief this Court deems just and proper.

## COUNT II
### *Misappropriation of Trade Secrets*
### *Florida Uniform Trade Secrets Act, Chapter 688, Florida Statutes*

27. The Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1- 22 and incorporates each herein by reference.

28. Included in the Hob Knob Confidential Information was information that derived independent economic value, both actual and potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use and which is the subject of efforts by Hob Knob that are reasonable under the circumstances to maintain its secrecy.

29. The Hob Knob Confidential Information contained trade secrets owned by Hob Knob.

30. Hob Knob disclosed the trade secrets contained in the Hob Knob Confidential Information to Zynga because Zynga agreed not to use or to disclose to third parties the trade secrets or any of the Hob Knob Confidential Information.

31. Zynga disclosed and/or used trade secrets included in the Hob Knob Confidential Information without the express or implied consent of Hob Knob.

32. Zynga knowingly, willfully and maliciously misappropriated the trade secrets included in the Hob Knob Confidential Information by using this information to create Zynga Direct.

Case No.:

33. Zynga's misappropriation of the Hob Knob Confidential Information has caused and will continue to cause irreparable injury to Hob Knob for which it has no adequate remedy at law.

**WHEREFORE**, Hob Knob seeks damages, including monetary damages, reasonable royalties, exemplary damages, interest, attorney fees, costs, permanent injunctive relief, and all other relief this Court deems just and proper.

### COUNT III
### *Fraudulent Inducement*

34. The Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1- 22 and incorporate each herein by reference.

35. Zynga, through its representatives Terence Fung and Paul Mohme, represented to Hob Knob that it wanted access to the Hob Knob Confidential Information for the sole purpose of venturing with, and/or determining whether to venture with Hob Knob and/or purchase Hob Knob's technology, and that Zynga would not use the Hob Knob Confidential Information for any other purpose.

36. These statements were misrepresentations of material fact.

37. At the time Zynga made the misrepresentations, it knew or should have known that the statements were false.

38. Zynga intended for the misrepresentations to induce Hob Knob to rely and act on them, and Hob Knob relied and acted on them by providing the Hob Knob Confidential Information to Zynga.

39. Hob Knob has suffered damages as a result of its justifiable reliance on Zynga's misrepresentations.

Case No.:

**WHEREFORE**, Hob Knob seeks damages, including punitive damages, interest, attorney fees, costs, and all other relief this Court deems just and proper.

Hob Knob requests a trial by jury.

Dated: November 23, 2011

Respectfully submitted,

Higer Lichter & Givner, LLP
*Attorneys for Hob Knob, LLC*
18305 Biscayne Blvd., Suite 302
Aventura, FL 33160
Telephone: 305-933-9970
Facsimile : 305-933-0998

By: /Mark E. Stein/
   **Mark E. Stein**
   MStein@hlglawyers.com
   Florida Bar No. 818666
   **Esther S. Meisels**
   EMeisels@hlglawyers.com
   Florida Bar No. 0037142